CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

August 9, 2017

**LETTER OPINION**

**VIA CM/ECF**
Nevenka Obuskovic & all counsel of record

Re:   *Nevenka Obuskovic v. Kathleen Wood, et al.*
      Civil Action No. 15-7520 (MAS) (TJB)

Dear Ms. Obuskovic and Counsel:

This matter comes before the Court on four separation motions to dismiss Plaintiff Nevenka Obuskovic's ("Plaintiff") Amended Complaint, which were filed by: (1) Defendants Kathleen Wood and Altman, Legband & Mayrides (ECF No. 45); (2) Defendants Michael Nieschmidt and Nieschmidt Law Office (ECF No. 46); (3) Joey Parnett and Wow Entertainment, Inc. (ECF No. 47); and (4) a second Motion to Dismiss filed by Defendants Kathleen Wood and Altman, Legband & Mayrides (ECF No. 49)[1] (collectively, "Defendants"). Plaintiff filed opposition (ECF No. 50), and Defendants replied (ECF Nos. 55, 56, 57, 59). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendants' Motions to Dismiss are GRANTED.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of [her] 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545; *see also* Fed. R. Civ. P. 8(a)(2).

---

[1] It appears that the two Motions to Dismiss filed by Defendants Kathleen Wood and Altman, Legband & Mayrides present the same arguments and that they differ only in the attached exhibits. Accordingly, the Court terminates the first Motion (ECF No. 45), and considers only the more recently filed Motion (ECF No. 49).

"Where, as here, a plaintiff is proceeding pro se, the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Id.* (quoting *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

Plaintiff filed her original two-count Complaint pro se on October 15, 2015, alleging that Defendants, the Honorable Catherine Fitzpatrick, and the Superior Court of New Jersey violated Plaintiff's due process rights and intentionally inflicted emotional distress upon Plaintiff during divorce proceedings in state court.[2] (Compl. ¶¶ 108-11, 129, ECF No. 1.) The Court dismissed all claims against the Superior Court of New Jersey under Eleventh Amendment sovereign immunity and all claims against Judge Fitzpatrick under judicial immunity. (*See* Mem. Op. 11-12, ECF No. 36.) With respect to Plaintiff's due process claims under 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments of the United States Constitution, the Court determined that Plaintiff's allegations did not adequately plead an agreement between Defendants and Judge Fitzpatrick to conspire against Plaintiff. (*Id.* at 12-15.) Finally, the Court dismissed Plaintiff's pendent state tort claims for lack of jurisdiction. (*Id.* at 15.)

Plaintiff's Amended Complaint no longer brings claims against the Superior Court of New Jersey or Judge Fitzpatrick, and pleads four counts: (1) violation of due process under 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments of the United States Constitution; (2) violation of equal protection under 42 U.S.C. § 1983, and the Fourteenth Amendment of the United States Constitution; (3) conspiracy to violate 26 U.S.C. § 529; and (4) intentional infliction of emotional distress/tort of outrage through violations of the Commerce Clause of the United States Constitution. (Am. Compl. ¶¶ 129-71, ECF No. 38.) Plaintiff's claims do not survive Defendants' Motions to Dismiss.

As to Counts One and Two, Plaintiff's due process and equal protection claims are based on the alleged conspiracy between Defendants and Judge Fitzpatrick. Plaintiff, however, has failed to address the deficiencies set forth by the Court in its prior decision, and does not adequately plead an agreement between Defendants and Judge Fitzpatrick. (*See* Mem. Op. 12-15.) To the contrary, Plaintiff alleges that Defendants "deceived" Judge Fitzpatrick and that they made misrepresentations to the court. (*See, e.g.*, Am. Compl. ¶¶ 42, 62.) Accordingly, Plaintiff does not adequately plead that Defendants were acting under color of state law. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010) ("To prevail on a [Section] 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action."). Counts One and Two, therefore, are dismissed.

---

[2] As Plaintiff did not add any allegations to the Amended Complaint that are material to the Court's disposition, the Court does not set forth the allegations in the Amended Complaint. A full summary of the allegations is set forth in the Court's prior decision on Defendants' prior motions to dismiss. (*See* Mem. Op. 2-5, ECF No. ECF No. 36.)

2

Next, the Court considers Count Three—conspiracy to violate 26 U.S.C. § 529. According to the Amended Complaint, Defendants have improperly refused to transfer Plaintiff's son's account, which contains college funds, to Plaintiff's son. (Am. Compl. ¶¶ 149-59.) 26 U.S.C. § 529, however, is a provision that defines "qualified tuition program" for the purposes of the Internal Revenue Code. Accordingly, Plaintiff has failed to establish any viable claim under the statute and the Court, therefore, dismisses Count Three.

As to Count Four—intentional infliction of emotional distress/tort of outrage through violations of the Commerce Clause—the Court similarly finds that Plaintiff has failed to state a claim. The Commerce Clause, which appears in Article I, Section 8, of the United States Constitution, states that the United States Congress shall have the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." As the Commerce Clause regulates Congress, Plaintiff has failed to state a claim against Defendants under the Commerce Clause. To the extent Count Four is brought under state law, the Court declines to exercise supplemental jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Accordingly, Count Four is dismissed.

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss without prejudice. The Court will provide Plaintiff one **final opportunity** to amend her pleading and will set forth the deadline to file a second amended complaint in the accompanying order.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE