**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NEVENKA OBUSKOVIC,

    Plaintiff,

v.

KATHLEEN L. WOOD; ALTMAN, LEGBAND AND MAYRIDES; JOEY H. PARNETT; WOW ENTERTAINMENT, INC.; MICHAEL NIESCHMIDT; NIESCHMIDT LAW OFFICE,

    Defendants.

Civil Action No. 15-7520 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on three separate motions to dismiss Plaintiff Nevenka Obuskovic's ("Plaintiff") Second Amended Complaint filed by Defendants (1) Kathleen L. Wood ("Wood") and her law firm, Altman Legband and Mayrides ("Altman") (ECF No. 66); (2) Joey Parnett ("Parnett") and WOW Entertainment, Inc. ("WOW") (ECF No. 67); and (3) Michael Nieschmidt ("Nieschmidt") and his law firm, Nieschmidt Law Office (ECF No. 68) (collectively, "Defendants"). Plaintiff opposed the motions (ECF No. 75), and Defendants replied (ECF Nos. 76, 77, 78). Plaintiff also filed additional correspondence with the Court providing supplemental information about the ongoing divorce proceedings, including additional allegations about how her rights have been violated, and attached documents related to the divorce. (ECF Nos. 85, 88.) Defendants objected to Plaintiff's correspondence, asked the Court to disregard the "nonsensical" and "unsupported" allegations, and specifically denied all of Plaintiff's claims set forth in the correspondence. (ECF Nos. 86, 89.)

The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendants' Motions to Dismiss are granted.

I. **Background**

The full factual background has been recited in detail in the Court's prior decisions. (Oct. 31, 2016 Mem. Op., ECF No. 36; Aug. 9, 2017 Letter Op., ECF No. 60.) Essentially, this matter stems from Plaintiff's divorce from her now ex-husband, Parnett.[1] The crux of Plaintiff's Second Amended Complaint is that Parnett and his attorneys deprived Plaintiff of income, assets, marital property, and her right to be heard during the divorce proceedings.[2] Plaintiff's Second Amended Complaint also brings claims against: Wood, Woods' law firm, Altman; WOW, the entity owned by Plaintiff's husband; Nieschmidt, Parnett's attorney in this matter, who also assisted in Parnett's representation in the divorce proceedings; and Mr. Nieschmidt's law office.

By way of procedural background, Plaintiff filed an initial complaint on October 15, 2015.[3] (ECF No. 1.) All Defendants moved to dismiss and, on October 31, 2016, the Court granted the motions,[4] dismissed the Complaint without prejudice, and provided Plaintiff an opportunity to

---

[1] A Final Judgment of Divorce was entered by the state court on March 2, 2018. (Mar. 12, 2018 Correspondence, ECF No. 87.)

[2] Although not a defendant in this action, several of Plaintiff's allegations relate to the conduct of Judge Fitzpatrick—the judge presiding over Plaintiff's divorce. Judge Fitzpatrick was previously named as a Defendant, but was dismissed by the Court in a prior decision. (Oct. 31, 2016 Mem. Op. 11-12.)

[3] Plaintiff's initial complaint, filed against the current Defendants, Judge Fitzpatrick, and the Superior Court of New Jersey, set forth two causes of action: (i) violation of her due process rights; and (ii) intentional infliction of emotional distress during the divorce proceedings. (Compl. ¶¶ 108-11, 129, ECF No. 1.)

[4] The Court found that sovereign immunity barred the claim against the State of New Jersey and judicial immunity barred the claim against Judge Fitzpatrick. The Court further found that Plaintiff

2

amend. (ECF Nos. 36, 37.) On November 30, 2016, Plaintiff filed an Amended Complaint[5] (ECF No. 38) and all Defendants again moved to dismiss (ECF Nos. 45, 46, 47, 48, 49). The Court dismissed the Amended Complaint,[6] without prejudice, and gave Plaintiff a final opportunity to amend. Plaintiff filed a Second Amended Complaint on September 8, 2017. (ECF No. 62.) All Defendants again move to dismiss and ask that the dismissal be with prejudice. (ECF Nos. 66, 67, 68.)

## II. <u>Legal Standard</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual

---

did not adequately plead the existence of a conspiracy between the private parties and Judge Fitzpatrick. Finally, the Court declined to exercise supplemental jurisdiction over the state law claim. (Oct. 31, 2016 Mem. Op.)

[5] Plaintiff's Amended Complaint set forth the following causes of action: (i) due process and equal protection violations under 42 U.S.C. § 1983; (ii) conspiracy to violate 26 U.S.C. § 529; and (iii) intentional infliction of emotional distress and outrage through violations of the Commerce Clause of the United States Constitution. (Am. Comp. ¶¶ 129-71, ECF No. 38.)

[6] The Court found that Plaintiff did not adequately plead an agreement between Defendants and Judge Fitzpatrick to state a claim under Section 1983, Plaintiff failed to establish a viable claim under the qualified tuition program, and Plaintiff's fourth count failed as a commerce clause claim or, to the extent it was a state law claim, the Court declined to exercise jurisdiction. (ECF No. 60.)

3

allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of [her] 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545; *see also* Fed. R. Civ. P. 8(a)(2). "Where, as here, a plaintiff is proceeding pro se, the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Id.* (quoting *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

### III. Discussion

Plaintiff's Second Amended Complaint pleads five counts: (1) violation of due process under 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments of the United States Constitution; (2) conspiracy to violate 42 U.S.C. §1985(3); (3) conspiracy to violate 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983; (4) "conspiracy to violate 42 U.S.C. §1985(3) and 42 U.S.C. § 1983 (denial of substantive and procedural due process, denial of equal protection, and malicious abuse of process)"; and (5) deceit. (Sec. Am. Comp. ¶¶ 130-185, ECF No. 62.)

#### A. Sufficiency of the Pleadings

The Court finds that Plaintiff's Second Amended Complaint fails, in many respects, to meet the notice pleading requirements of Federal Rule of Civil Procedure 8(a). Plaintiff's Second Amended Complaint brings all counts against all Defendants, but does not set forth factual allegations to explain how certain defendants are implicated in each claim, thereby failing to satisfy

4

Rule 8(a). *See Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *4 (D.N.J. June 29, 2015). For example, the factual allegations relating to WOW, Nieschmidt, and the Nieschmidt Law Office, specifically, lack a basis to hold any of these Defendants liable for the causes of action set forth. Outside of conclusory statements that Nieschmidt was involved in a conspiracy against Plaintiff (Sec. Am. Compl. ¶¶ 149, 175, 183), Plaintiff only alleges that Nieschmidt was involved in the representation of Parnett in the divorce proceedings, was paid from the home equity line (*id.* ¶¶ 14, 69), Plaintiff notified Nieschmidt that she would file a federal lawsuit if Parnett did not settle (*id.* ¶ 99), and Nieschmidt "in concert" with Wood and Parnett, made false representations to mislead Judge Fitzpatrick (*id.* ¶ 183). The allegations regarding Mr. Nieschmidt's law firm are even scarcer (*see, e.g., id.* ¶¶ 7, 15) and the allegations about WOW essentially amount to claims that Parnett and his counsel in the divorce, "drained" assets from the entity by paying for the costs of the divorce (*id.* ¶¶ 69, 105, 128, 142, 168). These allegations do not sufficiently present facts to support any of the constitutional causes of action against these Defendants.

In addition, the allegations are often conclusory and lack specificity. For example, although Plaintiff refers to "conspiracies" throughout her Second Amended Complaint, it is often not clear what the conspiracies were and which Defendants are alleged to have participated in each of the conspiracies. (*See, e.g.*, Sec. Am. Compl. ¶¶ 150, 151, 152, 160, 161) (referring to non-specific conspiracies between "Defendants").) These allegations are clearly insufficient under the pleading requirements of Federal Rule of Civil Procedure 8(a).

### B. Plaintiff's Substantive Causes of Action

In addition to Plaintiff's failure to plead a plausible cause of action pursuant to the Federal Rules, Plaintiff's federal causes of action fail as a matter of law, and therefore the Second Amended Complaint must be dismissed. Counts I through IV of the Second Amended Complaint are

5

premised on 42 U.S.C. § 1983 ("Section 1983") and/or 42 U.S.C. § 1985 ("Section 1985").[7] As discussed below, none of these claims are viable.

1. **Section 1983**

In order to recover under Section 1983, Plaintiff must establish that Defendants: (i) were acting under color of state law; and (2) deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010) ("To prevail on a [Section] 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action.").

Plaintiff's claims fail on the first element—state action. All Defendants here are private actors. As previously noted by the Court, a private party can act under color of law for purposes of Section 1983 if he or she conspires with a judge in connection with an official judicial act.[8] (Oct. 31, 2016 Mem. Op. 12.); *see also Hauptmann v. Wilentz*, 570 F. Supp. 351, 381 (D.N.J. 1983) Here, however, as with each prior version of Plaintiff's Complaint, Plaintiff failed to adequately plead an agreement between Defendants and Judge Fitzpatrick. Although Plaintiff, in conclusory fashion, repeatedly claims there was a "conspiracy" (*see* Sec. Am. Compl. ¶¶ 43, 148,

---

[7] The remainder of Plaintiff's Second Amended Complaint is based on state law. Count V is a fraud claim. (Pl.'s Opp'n Br. 29, ECF No. 75.) In addition, although not identified as a Count in the Second Amended Complaint, it appears that Plaintiff is alleging intentional infliction of emotional distress. (*See, e.g.*, Sec. Am. Compl. ¶¶ 152, 155, 156; Wood's Moving Br. 26-28, ECF No. 66-1; Pl.'s Opp'n Br. 31-38 .) As discussed below, the Court declines to exercise jurisdiction over the state law claims. The Court's discussion of the merits, therefore, is limited to the federal claims.

[8] Plaintiff's Second Amended Complaint does not bring any claims against Judge Fitzpatrick, as the Court previously determined that the doctrine of judicial immunity would apply to any claims relating to Judge Fitzpatrick's judicial capacity. (Oct. 31, 2016 Mem. Op. 12.)

6

149, 165), Plaintiff does not plead any factual allegations pertaining to the purported agreement and, in fact, pleads factual allegations that contradict any assertion that Defendants were acting in concert with Judge Fitzpatrick. For example, Plaintiff alleges that Defendants: (i) were actively deceiving Judge Fitzpatrick; (ii) lied to Judge Fitzpatrick (*id.* ¶¶ 62, 125); and (iii) made statements "with the purpose of inducing another (Judge Fitzpatrick) to act on the false representations and misrepresentations" (*id.* ¶ 184). Plaintiff's Second Amended Complaint, therefore, does not adequately allege a conspiracy between the private Defendants and Judge Fitzpatrick to plead state action for the purposes of Section 1983.[9] Plaintiffs' Section 1983 claims contained in Count I, III, and IV, accordingly, are dismissed.

### 2. Section 1985

Plaintiff includes a claim under Section 1985(3) in three separate counts—Counts II, III, and IV.[10] Although these counts appear duplicative, factually it appears that Count II relates to the use of a mortgage against the marital residence to pay legal fees related to the divorce, Count

---

[9] It also appears that Plaintiff is attempting to allege a conspiracy between Attorney Wood and her client (Plaintiff's ex-husband), Mr. Parnett. (*See, e.g.*, Sec. Am. Compl. ¶¶ 145, 171 ("Defendants Wood and Parnett conspired in depriving me of my property . . . [,] Due Process[,] and Equal Protection [r]ights."); (*id.* ¶ 159 "Defendant Parnett and Kate Wood conspired to deprive Plaintiff of her half of the monies . . .").) To the extent any of Plaintiff's 1983 claims are premised on these "conspiracies," Plaintiff has failed to plead state action and the claims fail as a matter of law. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318-19 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277-78 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

[10] Count II is for "42 USC §1985(3) Conspiracy to Violate Plaintiff's Rights"; Count III is for "Conspiracy to Violate Rights 42 U.S.C. [S]ection 1985(3) and 42 USC Section 1983"; and Count VI is "Conspiracy to Violate Rights 42 USC 1985(3) and 42 USC Section 1983 (Denial of Substantive and Procedural Due Process, Denial of Equal Protection Under the Law, Malicious Abuse of Process)."

III relates to a college fund for Plaintiff's 18-year-old son, and Count IV relates to Judge Fitzpatrick's orders and Wood and Nieschmidt's representation of Parnett in the divorce action. (*Id.* ¶¶ 165-76.)

Section 1985 makes it unlawful for "two or more persons . . . [to] conspire . . . for the purpose of depriving . . . any person . . . of the equal protection of the laws, or the equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Section 1985 can apply to private conspiracies,[11] *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971); however, Section 1985(3) "does not itself create any substantive rights." *Park v. Tsiavos*, 679 F. App'x 120, 124 (3d Cir. 2017) (internal citation omitted). "[A] private conspiracy claim must rely on the violation of a right 'constitutionally protected against private interference.'" *Id.* (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274 (1993)). "[T]he Supreme Court has recognized only two rights protected from private conspiracy under § 1985(3): 'the right to be free from involuntary servitude and the right to interstate travel.'" *Id.* (quoting *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)). Here, Plaintiff has not identified any right protected from private action. Plaintiff's allegations essentially stem from the Fourteenth Amendment. Plaintiff alleges that Defendants deprived her of: property rights (*see, e.g.*, Sec. Am. Compl. ¶¶ 143, 145, 149, 153); equal protection of the law (*id.* ¶¶ 141, 171); and substantive and procedural due process (*id.* ¶¶ 139, 145, 148, 160, 165, 174, 179), which resulted in deprivation of her "right to counsel" (*id.* ¶¶ 147, 173). In addition, Plaintiff claims, without any supporting factual allegations, that Defendants discriminated against her "on the basis of gender, nationality, and marital status, pursuant to the Fourteenth Amendment Equal Protection Clause." (*Id.* at 151.) "[I]t is 'firmly embedded in our

---

[11] As the Court has already determined that Plaintiff failed to sufficiently allege state action, the Court focuses the Section 1985 analysis on private action.

8

constitutional law' that the equal protection guaranteed by the Fourteenth Amendment 'erects no shield against merely private conduct, however discriminatory or wrongful.'" *Park*, 679 F. App'x at 124 (quoting *United States v. Morrison*, 529 U.S. 598, 621 (2000)). Plaintiff, therefore, has failed to state a claim against private actors on any of these bases.[12]

This was Plaintiff's third attempt to state a plausible federal cause of action. The Court previously indicated, when dismissing Plaintiff's Amended Complaint, that it would provide Plaintiff with one final opportunity to amend. As the Court finds that Plaintiff has again failed to plead a federal claim, and any further amendment would be futile, the Court dismisses Plaintiff's federal causes of action with prejudice.

### 3. State Law Claim(s)

Count Five of Plaintiff's Second Amended Complaint states a claim for "deceit," which is a claim of common law fraud. (Pl.'s Opp'n Br. 29.) In addition, although not specifically listed as a count, Plaintiff believes that she has pled an intentional infliction of emotional distress claim. (*Id.* at 31-38.) As the Court has granted Defendants' Motions to Dismiss with regard to Plaintiff's federal claims, the Court declines to exercise jurisdiction over any remaining state law claims. The state law claims, therefore, are dismissed without prejudice.

---

[12] Plaintiff also alleges that it was malicious abuse of process for Judge Fitzpatrick to enter an "unappealable order which contained false findings that ignored [Plaintiff's] objections . . . [and] violated [her] constitutional rights." (Sec. Am. Compl. ¶¶ 144, 170; *see also id.* ¶¶ 139, 165.) Judge Fitzpatrick, however, is not a defendant and, as discussed above, Plaintiff has failed to adequately allege a conspiracy with the private defendants. To the extent this claim is intended to be asserted directly against the private Defendants, the Second Amended Complaint fails to adequately plead such a claim. In addition, as Plaintiff does identify a right protected from private intrusion, this claim also must be dismissed.

## IV. Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss are granted. The federal claims set forth in Counts One, Two, Three, and Four, are dismissed, with prejudice. The Court declines to exercise jurisdiction over the state law claim(s) and dismisses any state law claim(s) without prejudice.[13] An Order consistent with this Memorandum Opinion will be entered on the docket.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** May 16, 2018

---

[13] Plaintiff must comply with the state court filing deadlines should she choose to file her remaining claims in state court.